IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY A. HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 10-0796-CV-W-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary.

Plaintiff's initial filing was in March of 2005. After hearings were held before an ALJ, benefits were denied in 2007. However, the Appeals Court remanded the matter, and a remand hearing was held in March of 2009. The ALJ issued a partially favorable decision. She found that plaintiff retained the ability to perform his past relevant work prior to March 31, 2008, and that he had the ability to perform other work after that date. However, she also found that after he turned 50 in 2009, plaintiff was disabled in accordance with the medical-vocational guidelines. Further administrative review was denied by the Appeals Council. For the following reasons, the partially favorable decision of the Secretary will be affirmed.

Discussion

Plaintiff was born on July 23, 1959, has obtained a GED, and worked primarily as a dishwasher and grill cook. Prior to that, he had short periods of employment rehabbing car engines; as a cashier in a grocery store, and as a janitor.

Plaintiff testified at the hearing before the ALJ that he suffers from seizure disorders; has difficulty working or standing for any significant amount of time; has an explosive temper; depression, and "just don't care to be around people any more." He detailed reasons he believed he was depressed, noted that he has a failing ability to remember and focus, and all of this contributes to heightened anxiety. Plaintiff's case manager testified and reiterated plaintiff's abrasive personality and difficulty in interpersonal relationships.

It was the finding of the ALJ that:

1. The claimant was insured for disability on his alleged disability onset date, and he last had disability insured status on March 31, 2004 (20 CFR 404.130(b)).

2. The claimant has not engaged in substantial gainful activity since May 5, 2003, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*)

3. The claimant has the following severe combination of impairments: Seizure disorder, recently started on medications; obesity; degenerative disc disease of the cervical and thoracic spine; status post right femur repair, 1981; personality and impulse control disorders; affective disorder; probable bipolar I disorder; and history of marijuana and alcohol abuse, not per se severe (20 CFR 404.1520 ( c) and 416.920( c)).

4. Since the alleged onset date of disability, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

5. From his alleged disability onset date of May 5, 2003, to March 31, 2008, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567( c) and 416.967( c). As of April 1, 2008, the undersigned finds the claimant had the residual functional capacity to perform light exertional work as defined in 20 CFR 404.1567(b) and 416.967(b), subject to

2

standing/walking a total of 2 hours in an 8-hour day, and sitting up to 6 hours in an 8-hour day. Additionally, at all times since May 5, 2003, the claimant has had additional non-exertional limitations, to wit: due to his seizure disorder and obesity, no work on ladder/rope/scaffolds or involving driving or any exposure to hazards (machinery, heights, etc.); and due to his mental disorder(s), no work requiring interaction with the general public or more than superficial interaction with co-workers and supervisors.

6. Prior to his date last insured for Title II disability benefits, the claimant was able to perform his past relevant work as a dishwasher, and he therefore is not entitled to a period of disability and disability insurance benefits. He continued to be able to perform his past relevant work as a dishwasher until March 31, 2008, but he thereafter was unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 23, 1959, and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date, May 5,2 003 (20 CFR 416.963).

8. The claimant has the equivalent of a high school education and is able to communicate in English (20 CFR 416.964).

9. There is no material question of transferability of vocational skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. For the period from April 1, 2008, to January 22, 2009, the day before the claimant is deemed to have attained age 50, considering his age, education, work experience, and residual functional capacity, there were a significant number of jobs in the national economy that the claimant could have performed (20 CFR 416.960( c), 416.966).

11. Beginning on January 23, 2009, considering the claimant's age, education, work experience, and residual functional capacity, there are not a significant number of jobs in the national economy that the claimant could perform (20 CFR 416.960( c) , 416.966).

12. The claimant was not disabled prior to January 23, 2009, but he became disabled on that date, and has continued to be disabled through the date of this decision ( 20 CFR 416.920(g)).

13. The claimant's substance use disorder(s), which the undersigned has found to be a nonsevere impairment, is not a contributing factor material to the determination of disability (20 CFR 416.935).

Plaintiff asserts that the ALJ erred by failing to find that his mental impairments met the requirements of Listing 12.08 - Personality Disorders; that she failed to give controlling weight to the opinions of the treating psychiatrist and treating nurse; by finding that he could return to his past relevant work as a dishwasher until March 31, 2008, and by failing to properly assess his residual functional capacity.

It is not disputed that plaintiff has a marked restriction in his social functioning. Plaintiff contends that he also has continued episodes of decompensation, and that Dr. Piepergerdes and his nurse practitioner support this finding. The ALJ rejected this latter contention. She noted that the record does not establish that he has been hospitalized for decompensation. Consultative examinations by Keith Allen, Ph.D., and C. William Breckenridge, Psy.D. have no mention of decompensation in progress. Finally, the ALJ noted that his treating physician and nurse relied upon an incomplete definition of decompensation when rendering their opinions. The medical records as a whole support the conclusion of the ALJ.

The ALJ did not err in assessing the opinions of the treating psychiatrist or nurse practitioner with regard to his limitations. She noted that the treating psychiatrist's visits were primarily medication checks, and the treatment notes are brief and do not support findings such as marked limitations, and an inability to concentrate, as concentration is not mentioned in the records. As noted above, the consulting doctors also disagreed with the treating psychiatrist's conclusions. The ALJ made similar observations with regard to the nurse practitioner, noting the duration of the visits and the sparsity of medical records.

The hypothetical question posed by the ALJ included a limitation to "simple routine jobs." Plaintiff contends this does not satisfy his allegations that he suffers from mild to

4

moderate difficulties with concentration, persistence and pace. There is, however, no medical evidence to support a finding that he could not perform simple and routine work, even with difficulties of concentration.

In finding the plaintiff could perform past relevant work, the ALJ relied on the Dictionary of Occupational Titles and its definition of the job of kitchen helper. The vocational expert's testimony at the most recent hearing did not contradict that finding. Rather, she limited her testimony with regard to the dishwasher job to light work. The kitchen helper work is actually medium work. In addition, the vocational expert testified that there was other work in the national economy that plaintiff could perform, even if he was unable to return to his job as dishwasher.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, <u>Clark v. Sullivan,</u> 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet his burden of proving that he has an impairment that precludes him from engaging in substantial gainful activity. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

                                                      /s/ James C. England
                                                       JAMES C. ENGLAND
                                                 United States Magistrate Judge

Date: August 22, 2011